```
                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
```

_____
                              )
**UNITED STATES OF AMERICA,**    )
                              )
         v.                   )    **Criminal Action No. 11-211 (RWR)**
                              )
**THEODORE GALE,**               )
                              )
         Defendant.           )
_____)

## MEMORANDUM ORDER

On October 5, 2012, defendant Theodore Gale filed a motion in limine to prohibit the government from using certain evidence at trial.[1]  Gale argues that the evidence at issue is other crimes evidence inadmissible under Federal Rule of Evidence 404(b) and the government "has not indicated any theory for admitting such evidence at trial."  (Def. Gale's Mot. in Limine to Exclude Other Crimes Evidence at 6.)  Alternatively, Gale

---

[1] Specifically, Gale seeks to preclude the following physical evidence: (1) evidence recovered when a search warrant was executed at Gale's home including "a 'clear baggie containing a white powder substance,' 'assorted drug paraphernalia,' and a whisk" (Def. Gale's Mot. in Limine to Exclude Other Crimes Evidence ¶ 6); (2) evidence recovered when a search warrant was executed at defendant John Richards's home including "a 'clear plastic twist containing a white rock-like substance,' a 'clear vial containing an amber colored liquid [suspected PCP],' a bullet-proof vest, .45 caliber and 9 mm ammunition, and a number of empty Ziploc bags" (id. ¶ 7).  Gale also seeks to exclude statements made by the defendants to the undercover officers about conduct that allegedly occurred outside of the dates of the offense charged in the superseding indictment (id. ¶ 8), such as Richards's drug-dealing activities on Capitol Hill and on Route 1 in Virginia (id. ¶ 9), and defendant Kenya Phillips having once moved 20 kilograms of cocaine in one day and being able to sell large amounts of marijuana (id. ¶ 10).

-2-

contends that if the government were to argue that the challenged evidence is direct evidence of the charged conspiracy and not other act evidence, it is inadmissible because it is not relevant, Fed. R. Evid. 402, and is unfairly prejudicial, Fed. R. Evid. 403.

Gale filed this motion 70 days beyond the July 27, 2012 deadline set for him to file all final pre-trial motions and motions in limine, and just days before the October 15, 2012 trial date. He neither sought nor received leave to file the motion late. Moreover, Gale offers no good cause or explanation as to why he did not file this motion timely. The evidence he now seeks to exclude was disclosed through discovery and was known to him well before the September 28, 2012 hearing on the timely-filed pre-trial motions. Indeed, as part of Gale's argument at the hearing on his motion to dismiss the indictment, his counsel mentioned the very evidence he now seeks to preclude.

Gale claims that the challenged evidence is other act evidence that is inadmissible under Rule 404(b). Rule 404(b) bars a party from offering other act evidence "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The government says it is not offering the evidence for that impermissible purpose, though. It says it is offering the physical evidence in part to show that the intent of

-3-

the conspiracy was to sell cocaine base, as the indictment alleges. The government adds that it is offering the defendants' boasts about prior drug-dealing to show how the defendants tried to make the conspiracy succeed by persuading the sellers to sell the cocaine on consignment with little risk. Other act evidence may be admissible under the rule for such other purposes. Fed. R. Evid. 404(b)(2).

Even so, the government argues that these purposes for which it is offering the challenged evidence show that both the physical evidence and the defendants' statements made during the course of and in furtherance of the conspiracy were not other act evidence at all, but were direct evidence to prove the existence and object of the charged conspiracy. And the record shows that, contrary to Gale's claim, the government has indeed indicated a theory of relevance and admissibility of the evidence.

The government argued at the September 28, 2012 motions hearing that the physical evidence recovered from the defendants' homes is direct evidence of the conspiracy because Gale and Richards cooked the for-sale cocaine into crack cocaine to test it before agreeing to purchase it. The government also explains that the items recovered from Gale's and Richards's homes were the same kinds of instruments Gale and Richards used to cook the

-4-

undercover powder cocaine into crack.[2]  (Govt.'s Opp'n to Def. Gale's Mot. in Limine at 9.)  Such evidence certainly is relevant because it could help establish that the defendants intended to distribute the cocaine they allegedly conspired to purchase from the undercover officers.  Moreover, the weapons-related evidence has been recognized by the D.C. Circuit as being often associated with narcotics trafficking.  <u>United States v. Jenkins</u>, 928 F.2d 1175, 1180 (D.C. Cir. 1991) (citing <u>United States v. Payne</u>, 805 F.2d 1062, 1065 (D.C. Cir. 1986)) (holding that ammunition was evidence of defendant's intent to distribute narcotics); <u>United States v. McDowell</u>, 762 F.2d 1072, 1075 (D.C. Cir. 1985) (holding that a bulletproof vest was evidence of defendant's intent to distribute narcotics).

The government contends that the statements made by the defendants regarding their prior drug activity is direct evidence of the conspiracy because they were boasts made by the defendants to persuade the sellers to allow them to pay for only two kilograms of cocaine and be fronted the other four kilograms.  (<u>Id.</u> at 8.)  Such statements allegedly made to ensure the success

---

[2] Unless the government is able to tie the vial of PCP recovered from Richards's home to the cocaine conspiracy, the vial of PCP and testimony about the vial of PCP will be excluded under Federal Rule of Evidence 403 as the risk of unfair prejudice to the defendants substantially outweighs the minimal value the PCP has in proving a cocaine conspiracy.

-5-

of the conspiracy would be relevant to prove the existence of the conspiracy.

Finally, this highly probative and direct evidence of the charged conspiracy carries virtually no risk that "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The evidence would not tend to inflame the jury's passions or lead to a verdict that ignored the law and the government's burden of proof. The parties have been invited to submit any needed cautionary jury instructions, and one easily can be crafted to remind the jury that the defendants are on trial only for the charged crime and no other. There has been no showing that the presentation of the challenged evidence will unduly prolong the trial.

In sum, Gale did not timely file this motion in limine, or move for leave to file late, or offer good cause for failing to do either. In any event, Gale's arguments that the challenged evidence is inadmissible other act evidence, and would be irrelevant and overly prejudicial, lack merit. Thus, it is hereby

ORDERED that Gale's motion [73] in limine to exclude other crimes evidence, or alternatively, to exclude direct evidence on grounds of relevancy and prejudice be, and hereby is, DENIED.

-6-

SIGNED this 15th day of October, 2012.

                                                             /s/  
                                        RICHARD W. ROBERTS  
                                        United States District Judge